1  Evan Selik (SBN 251039)
2  Christine Zaouk (SBN 251355)
   McCATHERN LLP
3  523 West Sixth Street, Suite 830
4  Los Angeles, California 90014
   (213) 225-6150 / Fax (213) 225-6151
5  eselik@mccathernlaw.com
6  czaouk@mccathernlaw.com

7  Attorneys for Plaintiff,
   JAMES FALLS
8

9

                    **UNITED STATES DISTRICT COURT**
10

                    **CENTRAL DISTRICT OF CALIFORNIA**
11

12

13  JAMES FALLS, individually and on        )  CASE NO.
    behalf of other persons similarly       )
14  situated,                               )  **CLASS ACTION**
                                            )
15                                          )  **COMPLAINT**
              Plaintiffs,                   )
16                                          )  **1.    BREACH OF CONTRACT**
                                            )
17      vs.                                 )  **2.    VIOLATION OF**
                                            )         **CONSUMERS LEGAL**
18  SOULBOUND STUDIOS, LLC;                 )         **REMEDIES ACT (Cal. Civil**
    SOULBOUND STUDIOS (USA);                )         **Code §§1750 *et seq.*)**
19  XSOLLA (USA), Inc.; and DOES 1          )
20  through 50                              )  **3.    UNFAIR COMPETITION**
                                            )         **(Cal. Bus. & Prof Code.**
21                                          )         **§§17200 *et seq.*)**
              Defendants.                   )
22                                          )  **4.    DECLARATORY RELIEF**
                                            )
23                                          )  **DEMAND FOR JURY TRIAL**
                                            )
24                                          )

25

26      Plaintiff, JAMES FALLS ("Plaintiff") on behalf of himself, and all others

27  similarly situated, complains and alleges as follows:

28

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

1.      This is a class action lawsuit pursuant to Fed. R. Civ. P. Rule 23, seeking damages for the conduct of Defendants wherein they have wrongfully withheld money from Plaintiff, and those similarly situated.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to diversity jurisdiction under 28 U.S. Code §1332(a)(1).   Plaintiff is a citizen of Ohio. Defendants, Soulbound Studios USA and Soulbound Studios, LLC are incorporated in the state of Washington and have its principal place of business in the state of Washington.  Defendant, Xsolla (USA), Inc. is incorporated in the state of California and has its principal place of business in Los Angeles County in the state of California.

## PARTIES

3.      Plaintiff is an Ohio resident.  Within the statute of limitations for the claims made herein, Plaintiff experienced damage as a result of Defendants.

4.      Plaintiff appears in this action on behalf of himself and on behalf of all others similarly situated.

5.      Plaintiff is informed and believes that Defendants, Soulbound Studios USA; Soulbound Studios, LLC; and DOES 1 through 10 (hereinafter "SBS") are video game developers that create video games for consumers to play.

///

**COMPLAINT**

6.      Plaintiff is informed and believes that Defendants, Xsolla (USA), Inc.; and DOES 11 through 20 (hereinafter "Xsolla") are payment processing companies that work in conjunction with video game developers to collect purchases made by consumers.

7.      Plaintiff is informed and believes that DOES 1 through 50 are corporations, individuals, limited liability partnerships, limited liability companies, general partnerships, sole proprietorships or are other business entities or organizations of a nature not currently known to Plaintiff.

8.      Plaintiff is unaware of the true names of Defendants DOES 1 through 50. Plaintiff sues said Defendants by said fictitious name, and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believe that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

9.      Plaintiff is informed and believes, and based thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venture, officer, director, controlling  shareholder, subsidiary affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**3**                                                    **COMPLAINT**

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

this complaint. Plaintiff is further informed and believe and thereon allege that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.  As used in this Complaint "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action and DOES 1 through 50.

10.   At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venture of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent and knowledge of each of the other Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A.   Background of Chronicles of Elyria, SBS and Xsolla

11.   SBS is the company that began developing a video game called Chronicles of Elyria (hereinafter "CoE").  CoE purports to be a role-playing video game where the consumers experience a "unique and compelling quest system where personalized, procedurally-generated story arcs follow characters no matter where they go in the world".  Yet, CoE has not been developed.

12.   Xsolla was the payment processor SBS used for processing payments directed from SBS's online store for the purchase of digital and physical goods

1  related to CoE.

2      13.    SBS was in pre-production for several years. SBS began development of

3
4  CoE in November 2016.

5      14.    SBS had a goal through Kickstarter to raise $900,000.    Through

6
7  Kickstarter, SBS raised $1,361,435 to develop CoE.    SBS made approximately

8  $8,000,000 in total sales for CoE ($1,361,435 from Kickstarter and approximately

9  $6,638,565 in sales via SBS's online store).

10
11     15.    The "sales" referenced herein mean items were purchased from SBS

12  through Xsolla with the expectation of receiving those items and using them in CoE.

13     16.    In or around July 2017, SBS released a detailed announcement which

14
15  advised of SBS's timeline, its systems, and it progress regarding CoE development.

16  Within this update, SBS showcased a video with game play footage.    Nowhere did

17  this video say or have any disclaimer which stated that what was being shown was

18
19  not actual gameplay footage of CoE.    Instead, Plaintiff later found out the footage

20  SBS offered as game play footage of CoE was actually cinematics.    Generally, when

21  game play footage is shown it boosts the confidence of the community to further

22
23  support the developer because it lets consumers know what the game currently looks

24  like.    This delineation is important because if it was game play footage that means

25  SBS had taken actual game development to show its consumers development

26
27  progress as opposed to cinematics which can be made in a studio to simply post

28  online and is not taken from the actual development of the game.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

COMPLAINT

17.     SBS announced the launch date of CoE could be within a window of time from July 2019 to December 2019.  As of the date of this filing, CoE has still not come to fruition.  In fact, in March 2020, Jeremy Walsh, CEO of SBS, announced that SBS had stopped production of CoE.

**B**.     **Plaintiff and Those Similarly Situated**

18.     Plaintiff purchased approximately $20,000 in downloadable content for CoE.

19.     To effectuate these purchases, Plaintiff went to the CoE website run by SBS.  Plaintiff found what he wanted to purchase and was required to register for an account with CoE.  During registration SBS placed a checkbox that Plaintiff was required to check to agree to the terms.  The SBS Terms of Use stated, in pertinent part,

> "Section 5.  Any portion of funds raised for the provision of the Services shall be non-refundable, unless such funds shall be deemed refundable under terms of services of the third-party service through which those funds for the provision of Services were procured and in effect at the time of provision of those funds."

20.     The CoE site took Plaintiff to Xsolla's website to process payment of the items.  When using Xsolla's checkout process, there is a small clickable link in the bottom right of the web page with the word "terms".  When you click on the "terms" link it shows Xsolla's refund policy.  The policy states, in pertinent part,

> "The terms of this Refund policy govern the relationship between you (purchaser of the Software) and one of the companies of the Xsolla group (hereinafter "Xsolla" or "us" or "we") regarding your purchase

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**6**                                                          **COMPLAINT**

of the Software."

"We DO honor requests for the refund upon your request on the following reasons . . . Pre-orders where no content has been delivered yet."

21.     Plaintiff is informed and believes and thereon alleges that SBS is one of the companies of the Xsolla Group regarding purchases of software as referenced in Xsolla's refund policy through an end-user license agreement (EULA).  As such, based on SBS's refund policy wherein its "third-party" service provider allows for such refunds, Xsolla's refund policy is recognized by SBS, since the purchases were made through Xsolla.

22.     Plaintiff, and those similarly situated, have requested a refund and have not been provided any refund.

23.     As a result of this conduct, Defendants have profited from retaining the money it is required to refund to every person who, like Plaintiff,  requested for a refund and did not receive it.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

24.     Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated persons as a class action pursuant to Fed. R. Civ. P. Rule 23.  The members of the Class are defined as follows:

**All persons in the world who purchased downloadable content for Chronicles of Elyria from Soulbound Studios and Xsolla within the last four (4) years, requested a refund where no game content had been delivered, and did not receive a refund.**

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

7                                              COMPLAINT

25.   This action has been brought and may be properly maintained as a class action pursuant to the provisions of Fed. R. Civ. P. Rule 23 and other applicable law.

26.   **Numerosity of the Classes**: Members of the Classes are so numerous that their individual joinder is impracticable.  Plaintiff estimate that there are no less than 1,000 persons in the identified classes.  The precise number of Class members and their addresses are unknown to Plaintiff.  However, Plaintiff is informed and believes and thereon alleges that the number can be obtained through SBS and Xsolla records of purchase for downloadable content for CoE.  Class members may be notified of the pendency of this action by conventional mail, electronic mail, the Internet, or published notice.

27.   **Existence of Predominance of Common Questions of Fact and Law**: Common questions of law and fact exist as to all members of the Classes.  These questions predominate over any questions effecting only individual members of the classes.  These common factual and legal questions include:

(a)  Whether SBS breached its refund policy;

(b)  Whether Xsolla breached its refund policy;

(c)   Whether Plaintiff and those similarly situated were consumers pursuant to Cal. Civil Code §§1750 *et seq*.

(d)  Whether Defendants' conduct as alleged herein violated Cal. Civil Code §§1750 *et seq*.

(e)   Whether Defendants' conduct as alleged herein resulted in a

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**8**                    **COMPLAINT**

windfall of profits that Defendants were not entitled;

(f)    Whether Defendants' committed unlawful business practices or acts within the meaning of Business & Professions Code §§17200 *et seq*.;

(g)    Whether Defendants raise any affirmative defenses that are universal in application.

28.    **Typicality**:  Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff purchased downloadable content from Defendants for use on CoE, requested a refund and did not receive any refund.  Plaintiff sustained the same types of injuries and damages that the Classes members sustained.  Plaintiff is subject to the same affirmative defenses as the members of the classes.

29.    **Adequacy**:  Plaintiff will adequately and fairly protect the interests of the members each of the Class.  Plaintiff has no interest adverse to the interests of absent Class members. Plaintiff is represented by legal counsel who has substantial class action experience in civil litigation.

30.    **Superiority**:  A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The monetary amounts due to many individual class members are likely to be relatively small, and the burden and

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

1  expense of individual litigation would make it difficult or impossible for individual

2  members of each Class to seek and obtain relief.   A class action will serve an

3

4  important public interest by permitting such individuals to effectively pursue

5  recovery of the sums owed to them.   Further, class litigation prevents the potential for

6  inconsistent or contradictory judgments raised by individual litigation.

7

8  ### FIRST CAUSE OF ACTION
   ### BREACH OF CONTRACT

9  **(By Plaintiff and the Class against all Defendants)**

10
11      31.    Plaintiff incorporates paragraphs 1 through 30 of this complaint as

12  though fully alleged herein.

13      32.    Plaintiff, and those similarly situated, entered into a written contract

14  (with implied provisions) with SBS and Xsolla.   The terms of the contract was that

15
16  SBS would refund Plaintiff and the putative class's money for downloadable content,

17  upon request, where no game content had been delivered.   Attached hereto and

18  incorporated herein as **Exhibit 1** is a true and correct copy of the contract.

19
20      33.    As more fully set forth in the paragraphs incorporated herein,

21  Defendants breached the contract by failing to refund Plaintiff and the putative

22  class's money after they made a request for refund where SBS failed to deliver game

23
24  content.

25      34.    Plaintiff and the putative class has performed all covenants and

26  conditions required under the contract or have been excused from doing so due to

27
28  Defendants' breach.

35.    As a proximate result of Defendants' breach, Plaintiff and the putative class suffered economic loss.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT
### (By Plaintiff and the Class against all Defendants)

36.    Plaintiff incorporates paragraphs 1 through 35 of this complaint as though fully alleged herein.

37.    At all relevant times, Plaintiff and the putative class were consumers of Defendants covered by Cal. Civil Code §§1750 *et seq*.

38.    Cal. Civil Code §§1770(a)(5) prohibits "[R]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have."

39.    Cal. Civil Code §§1770(a)(10) prohibits "[A]dvertising goods or services with intent not to supply reasonably expectable demand, unless the advertisement discloses a limitation of quantity."

40.    Cal. Civil Code §§1770(a)(17) prohibits [R]epresenting that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction."

41.    As a result of Defendants' conduct as alleged herein, Defendant violated the above provisions.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

42.     On August 7, 2020, prior to the filing of this Complaint, a CLRA notice letter was served on both Defendants that complies in all respects with Cal. Civil Code §1782(a).   Plaintiff sent Defendants these letters via certified mail, return receipt requested.   A true and correct copy of Plaintiff's CLRA letters are attached, collectively, hereto as **Exhibit 2**.   As of the date of this filing, Defendants failed to remedy these violations.

43.     Pursuant to Cal. Civil Code §1780(a), Plaintiff and the putative class seek actual damages, an order of this Court enjoining Defendants from engaging in the methods, act or practices alleged herein, restitution of property and punitive damages.

## THIRD CAUSE OF ACTION
### UNFAIR COMPETITION
### (By Plaintiff and the Class against all Defendants)

44.     Plaintiff incorporates paragraphs 1 through 43 of this complaint as though fully alleged herein.

45.     This cause of action is brought pursuant to the Unfair Competition Law of the Cal. Business & Professions Code §§17200 *et seq*.   Defendants' conduct constitutes unfair, unlawful and fraudulent business practices within the meaning of Business & Professions Code §17200.

46.     Plaintiff brings this cause of action on behalf of the general public solely in their capacities as private attorneys general pursuant to Cal. Business & Professions Code §17204.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

47.    At all times during the liability period, Defendants' represented they would refund Plaintiff's money for downloadable content that Plaintiff and the putative class purchased related to CoE.  However, to date, Defendants have failed to do so.

48.    During the liability period, Defendants failed to pay Plaintiff, and all others similarly situated, the money owed to them for as a refund.

49.    By not refunding these monies, Defendants are unfairly making more money.

## FOURTH CAUSE OF ACTION
### DECLARATORY RELIEF
**(By Plaintiff and the Class against all Defendants)**

50.    Plaintiff incorporates paragraphs 1 through 49 of this complaint as though fully alleged herein.

51.    A dispute has arisen between Plaintiff and Defendants as to their obligations under the contract.

52.    Plaintiff on behalf of himself and all others similarly seek declaratory relief from this Court or in the form of an order that defines the respective rights and duties of Plaintiff and the putative class, on the one hand, and Defendants on the other, under the contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, pray for relief and judgment against Defendants as follows:

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**13**                                    **COMPLAINT**

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

1.     That this action be certified as a class action pursuant to Fed. R. Civ. P. Rule 23;

2.     That pursuant to Cal. Business & Professions Code §17204, Defendants, its officers, directors, principals, assignees, successors, agents, representatives, employees, subsidiaries, affiliates, and all persons, corporations and other entities acting by, through, under, or on behalf of said defendant, or acting in concert or participation with it, be permanently enjoined from directly or indirectly committing any violations of Cal. Business and Professions Code §§17200 *et seq.,* including, but not limited to, the violations alleged in this complaint;

3.     Ordering the disgorgement of all sums unjustly withheld from Plaintiff, the members of the Class and the public;

4.     Ordering Defendant to make restitution to Plaintiff, the members of the Class and the public if it is found the practice is illegal;

5.     An order granting the declaratory relief sought in the fourth cause of action for Plaintiff and each member of the Class;

6.     Awarding prejudgment and post-judgment interest at the maximum legal rate;

7.     Awarding attorneys' fees according to proof;

8.     Awarding costs of suit herein; and

///

COMPLAINT

9.      All such other and further relief as the Court deems just.


Date: February 1, 2021                    McCATHERN LLP


                                By:    *Evan Selik*
                                       _____
                                       EVAN SELIK
                                       CHRISTINE ZAOUK
                                       Attorneys for Plaintiff,
                                       JAMES FALLS

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**15**                                              **COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the Class on all claims so triable.

Date: February 1, 2021          McCATHERN LLP


By: _Evan Selik_
                               _____
                               EVAN SELIK
                               CHRISTINE ZAOUK
                               Attorneys for Plaintiff,
                               JAMES FALLS

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

Case 2:21-cv-00922-JCC     Document 1     Filed 02/02/21     Page 17 of 17