The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES FALLS, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOULBOUND STUDIOS, LLC; SOULBOUND STUDIOS (USA); and DOES 1 through 50,<br><br>Defendant. | No. 2:21-cv-00922-JCC-TLF<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JAMES FALLS ("Plaintiff") on behalf of himself, and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1. This is a class action lawsuit pursuant to Fed. R. Civ. P. Rule 23, seeking damages for the conduct of Defendants wherein they have wrongfully withheld money from Plaintiff, and those similarly situated.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to diversity jurisdiction under 28 U.S. Code §1332(a)(1). Plaintiff is a citizen of Ohio. Defendants, Soulbound Studios USA and Soulbound Studios, LLC are incorporated in the state of Washington and have their principal place of business in the state of Washington.

## PARTIES

3. Plaintiff is an Ohio resident. Within the statute of limitations for the claims made herein, Plaintiff experienced damage caused by Defendants.

4. Plaintiff appears in this action on behalf of himself and on behalf of all others similarly situated.

5. Plaintiff is informed and believes that Defendants, Soulbound Studios USA; Soulbound Studios, LLC; and DOES 1 through 10 (hereinafter "SBS") are video game developers that create video games for consumers to play.

6. Plaintiff is informed and believes that DOES 1 through 50 are corporations, individuals, limited liability partnerships, limited liability companies, general partnerships, sole proprietorships or are other business entities or organizations of a nature not currently known to Plaintiff.

7. Plaintiff is unaware of the true names of Defendants DOES 1 through 50. Plaintiff sues said Defendants by said fictitious name, and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

8. Plaintiff is informed and believes, and based thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venture, officer, director, controlling shareholder, subsidiary affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants. As used in this Complaint

"Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action and DOES 1 through 50.

9.  At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venture of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent and knowledge of each of the other Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

A.  **Background of Chronicles of Elyria, SBS and Xsolla**

10.  SBS is the company that began developing a video game called Chronicles of Elyria (hereinafter "CoE"). CoE purports to be a role-playing video game where consumers experience a "unique and compelling quest system where personalized, procedurally-generated story arcs follow characters no matter where they go in the world". Yet, CoE has not been developed.

11.  Xsolla was the payment processor SBS used for processing payments directed from SBS's online store for the purchase of digital and physical goods related to CoE.

12.  SBS was in pre-production for several years. SBS began development of CoE in November 2016.

13. SBS had a goal through Kickstarter to raise $900,000. Through Kickstarter, SBS raised $1,361,435 to develop CoE. SBS made approximately $8,000,000 in total sales for CoE ($1,361,435 from Kickstarter and approximately $6,638,565 in sales via SBS's online store).

14. The "sales" referenced herein mean items were purchased from SBS through Xsolla with the expectation of receiving those items and using them in CoE.

15. In or around July 2017, SBS released a detailed announcement which advised of SBS's timeline, its systems, and it progress regarding CoE development. Within this update, SBS showcased a video with game play footage. Nowhere did this video say or have any disclaimer which stated that what was being shown was not actual gameplay footage of CoE. Instead, Plaintiff later found out the footage SBS offered as game play footage of CoE was actually cinematics. Generally, when game play footage is shown it boosts the confidence of the community to further support the developer because it lets consumers know what the game currently looks like. This delineation is important because if it was game play footage that means SBS had taken actual game development to show its consumers development progress as opposed to cinematics which can be made in a studio to simply post online and is not taken from the actual development of the game.

16. SBS announced the launch date of CoE could be within a window of time from July 2019 to December 2019. As of the date of this filing, CoE has still not come to fruition. In fact, in March 2020, Jeremy Walsh, CEO of SBS, announced that SBS had stopped production of CoE.

B. **Plaintiff and Those Similarly Situated**

17. Plaintiff, James Falls, purchased approximately $20,000 in downloadable content for CoE.

18. To effectuate these purchases, Plaintiff went to the CoE website run by SBS. Plaintiff found what he wanted to purchase and was required to register for an account with CoE. During registration SBS placed a checkbox that Plaintiff was required to check to agree to the terms. The SBS Terms of Use stated, in pertinent part,

> "Section 5. Any portion of funds raised for the provision of the Services shall be non-refundable, unless such funds shall be deemed refundable under terms of services of the third-party service through which those funds for the provision of Services were procured and in effect at the time of provision of those funds."

19. The CoE site took Plaintiff to Xsolla's website to process payment of the items. When using Xsolla's checkout process, there is a small clickable link in the bottom right of the web page with the word "terms". When you click on the "terms" link it shows Xsolla's refund policy. The policy states, in pertinent part,

> "The terms of this Refund policy govern the relationship between you (purchaser of the Software) and one of the companies of the Xsolla group (hereinafter "Xsolla" or "us" or "we") regarding your purchase of the Software."
>
> "We DO honor requests for the refund upon your request on the following reasons . . . Pre-orders where no content has been delivered yet."

20.  Plaintiff is informed and believes and thereon alleges that SBS is one of the companies of the Xsolla Group regarding purchases of software as referenced in Xsolla's refund policy through an end-user license agreement (EULA). As such, based on SBS's refund policy wherein its "third-party" service provider allows for such refunds, Xsolla's refund policy is recognized by SBS, since the purchases were made through Xsolla.

21.  Plaintiff, and others similarly situated, have requested a refund and have not been provided any refund.

22.  As a result of this conduct, Defendant has profited from retaining the money they are required to refund to every person who, like Plaintiff, requested a refund and did not receive it.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

23.  Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated persons as a class action pursuant to Fed. R. Civ. P. Rule 23. The members of the Class are defined as follows:

**All persons in the world who (1) purchased downloadable content for Chronicles of Elyria from Soulbound Studios within the last four years, (2) requested a refund where no game content had been delivered, and (3) Soulbound Studios did not provide a refund.**

24.　This action has been brought and may be properly maintained as a class action pursuant to the provisions of Fed. R. Civ. P. Rule 23 and other applicable law.

25.　**Numerosity of the Classes**: Members of the Classes are so numerous that their individual joinder is impracticable. Plaintiff estimates that there are no less than 1,000 persons in the identified classes. The precise number of Class members and their addresses are unknown to Plaintiff. However, Plaintiff is informed and believes and thereon alleges that the number can be obtained through SBS and Xsolla records of purchase for downloadable content for CoE. Class members may be notified of the pendency of this action by conventional mail, electronic mail, the Internet, or published notice.

26.　**Existence of Predominance of Common Questions of Fact and Law**: Common questions of law and fact exist as to all members of the Classes. These questions predominate over any questions effecting only individual members of the classes. These common factual and legal questions include:

　　　(a)　Whether SBS breached its refund policy;

　　　(b)　Whether SBS's conduct as alleged herein violated Washington's Consumer Protection Act, RCW 19.86.010 *et seq.* ("CPA");

(c) Whether SBS's conduct as alleged herein constitutes unjust enrichment;

(d) Whether SBS raise any affirmative defenses that are universal in application.

27. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff purchased downloadable content from Defendants for use on CoE, never received that content, requested a refund and did not receive any refund. Plaintiff sustained the same types of injuries and damages that the Classes members sustained. Plaintiff is subject to the same affirmative defenses as the members of the classes.

28. **Adequacy**: Plaintiff will adequately and fairly protect the interests of the members each of the Class. Plaintiff has no interest adverse to the interests of absent Class members. Plaintiff is represented by legal counsel who has substantial class action experience in civil litigation.

29. **Superiority**: A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and

expense that numerous individual actions would require. The monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of each Class to seek and obtain relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
**(By Plaintiff and the Class against all Defendants)**

30. Plaintiff incorporates paragraphs 1 through 29 of this complaint as though fully alleged herein.

31. Plaintiff, and those similarly situated, entered into a written contract (with implied provisions) with SBS. The terms of the contract were that SBS would refund Plaintiff and the putative class's money for downloadable content, upon request, where no game content had been delivered. Attached hereto and incorporated herein as **Exhibit 1** is a true and correct copy of the contract.

32. As more fully set forth in the paragraphs incorporated herein, Defendants breached the contract by failing to refund Plaintiff and the putative class's money after they made a request for refund where SBS failed to deliver

game content.

33. Plaintiff and the putative class has performed all covenants and conditions required under the contract or have been excused from doing so due to Defendants' breach.

34. As a proximate result of Defendant's breach, Plaintiff and the putative class suffered economic loss.

## SECOND CAUSE OF ACTION
## VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT
### (By Plaintiff and the Class against all Defendants)

35. Plaintiff incorporates paragraphs 1 through 34 of this complaint as though fully alleged herein.

36. The CPA prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.  RCW 19.86.020.

37. Defendant's actions constitute an unfair or deceptive act or practice in trade or commerce that runs contrary to the public interest.  Defendant's actions caused injury to Plaintiff and the putative class, and Defendant is therefore liable under the CPA.

### THIRD CAUSE OF ACTION
### UNJUST ENRICHMENT
**(By Plaintiff and the Class against all Defendants)**

38. Plaintiff incorporates paragraphs 1 through 37 of this complaint as though fully alleged herein.

39. Based on representations by Defendant, Plaintiff and the putative class purchased content from Defendants that has never been delivered. Defendant has retained the money paid by Plaintiff and the putative class and have not returned it despite demand, and even though Defendant has not supplied the content purchased.

40. Defendant has benefitted from retaining the payments made by Plaintiff and the putative class, and it is inequitable for Defendants to retain those payments and to have benefitted from the retention of those payments under the circumstances.

### FOURTH CAUSE OF ACTION
### DECLARATORY RELIEF
**(By Plaintiff and the Class against all Defendants)**

41. Plaintiff incorporates paragraphs 1 through 40 of this complaint as though fully alleged herein.

42. A dispute has arisen between Plaintiff and Defendant as to their obligations under the refund policy contract.

43. Plaintiff on behalf of himself and all others similarly seek declaratory relief from this Court or in the form of an order that defines the respective rights and duties of Plaintiff and the putative class, on the one hand, and Defendant on the other, under the contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, pray for relief and judgment against Defendant as follows:

1. That this action be certified as a class action pursuant to Fed. R. Civ. P. Rule 23;

2. That Defendants, their officers, directors, principals, assignees, successors, agents, representatives, employees, subsidiaries, affiliates, and all persons, corporations and other entities acting by, through, under, or on behalf of said Defendants, or acting in concert or participation with them, be permanently enjoined from directly or indirectly committing any CPA violation, including, but not limited to, the violations alleged in this complaint;

3. A judgment against Defendant for damages in an amount to be proved at trial, including trebling as permitted by statute;

4. A judgement ordering the disgorgement of all sums unjustly retained by Defendant and withheld from Plaintiff, the members of the Class and the public;

5. An order granting the declaratory relief sought in the fourth cause of action for Plaintiff and each member of the Class;

6. Awarding pre-judgment and post-judgment interest at the maximum legal rate;

7. Awarding attorneys' fees according to proof;

8. Awarding costs of suit herein; and

9. All such other and further relief as the Court deems just.

Dated this 8th day of April, 2022.

HILLIS CLARK MARTIN & PETERSON P.S.

By  *s/Jake Ewart*
Amit D. Ranade, WSBA #34878
Jake Ewart, WSBA #38655
999 Third Avenue, Suite 4600
Seattle, WA  98104
Tel: (206) 623-1745
Fax: (206) 623-7789
E-mail:  amit.ranade@hcmp.com
jake.ewart@hcmp.com

*(Pro Hac Vice)*
MCCATHERN, SHOKOUHI, EVANS, GRINKE
Evan Selik
Christine C. Zaouk
523 W. Sixth Street, Suite 830
Los Angeles, CA  90014
Tel: (213) 225-6150
Email:  eselik@mccathernlaw.com;
czaouk@mccathernlaw.com

Attorneys for Plaintiff James Falls

# **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for himself and the Class on all claims so triable.

Dated this 8th day of April, 2022.

                                                                                              HILLIS CLARK MARTIN & PETERSON P.S.

By   *s/Jake Ewart*
      Amit D. Ranade, WSBA #34878
      Jake Ewart, WSBA #38655
      999 Third Avenue, Suite 4600
      Seattle, WA  98104
      Tel: (206) 623-1745
      Fax: (206) 623-7789
      E-mail:  amit.ranade@hcmp.com
      jake.ewart@hcmp.com

*(Pro Hac Vice)*
MCCATHERN, SHOKOUHI, EVANS, GRINKE
   Evan Selik
   Christine C. Zaouk
   523 W. Sixth Street, Suite 830
   Los Angeles, CA  90014
   Tel: (213) 225-6150
   Email:  eselik@mccathernlaw.com;
   czaouk@mccathernlaw.com

Attorneys for Plaintiff James Falls

# CERTIFICATE OF SERVICE

I hereby certify that on 8th day of April, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- Christine Chalhoub Zaouk    czaouk@mccathernlaw.com, kanderson@mccathernlaw.com

- Anna F Cavnar    acavnar@mcnaul.com

- Michael J Ewart    jake.ewart@hcmp.com, brenda.partridge@hcmp.com

- Amit Digambar Ranade    krista.stokes@hcmp.com, amit.ranade@hcmp.com, tammie.gere@hcmp.com

- Evan M Selik    kanderson@mccathernlaw.com, eselik@mccathernlaw.com

- Timothy B Fitzgerald    tfitzgerald@mcnaul.com, jhickman@mcnaul.com

I hereby also certify that I caused a copy of the document to be mailed by United States Postal Service to the following non CM/ECF participants:

(No manual recipients)

DATED this 8th day of April, 2022, at Seattle, Washington.

      *s/Jake Ewart*
Jake Ewart, WSBA #38655
HILLIS CLARK MARTIN & PETERSON, P.S.
999 Third Avenue, Suite 4600
Seattle, Washington  98104
Telephone:  (206) 623-1745
Facsimile:  (206) 623-7789
Attorneys for Plaintiff