**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES FALLS, individually and on behalf of other persons similarly situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>SOULBOUND STUDIOS, LLC,<br><br>Defendant-Appellee,<br><br>and<br><br>SOULBOUND STUDIOS USA; XSOLLA USA, INC.; DOES, 1 through 50, inclusive,<br><br>Defendants. | No.   22-35863<br><br>D.C. No. 2:21-cv-00922-JCC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted October 3, 2023
Seattle, Washington

Before:  WARDLAW and M. SMITH, Circuit Judges, and HINKLE,** District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

James Falls ("Falls") appeals the district court's order granting Soulbound

Studios LLC's ("Soulbound") motion to dismiss his breach of contract and

Washington Consumer Protection Act ("WCPA") claims.  We have jurisdiction

pursuant to 28 U.S.C. §§ 1291 and 1332.[1]  We affirm.

1.       The district court did not err in dismissing Falls's breach of contract

claim.  Falls rested the claim solely on incorporation by reference of a refund

policy of third-party payment processing platform Xsolla, Inc. ("Xsolla").

Washington contract law requires incorporation by reference to be clear and

unequivocal.  *Satomi Owners Ass'n v. Satomi, LLC*, 225 P.3d 215, 225 (Wash.

2009) ("If the parties to a contract clearly and unequivocally incorporate by

reference into their contract some other document, that document becomes part of

their contract.").  This is so even for incorporation by reference of only part of a

document. *See Odyssey-Geronimo JV v. Wash. Dep't of Transp.*, 4 Wash. App. 2d

1056 (Wash. Ct. App. 2018) (unpublished).  "[I]ncorporation by reference is

ineffective to accomplish its intended purpose where the provisions to which

reference is made do not have a reasonably clear and ascertainable meaning."  *W.*

*Washington Corp. of Seventh-Day Adventists v. Ferrellgas, Inc.*, 7 P.3d 861, 865

(Wash. 2000).

---

[1] Falls's action satisfies the diversity and amount in controversy requirements for both § 1332(a)(1) diversity jurisdiction and § 1332(d)(2) jurisdiction under the Class Action Fairness Act.

We reject Falls's contention that a single sentence from Section 5 of the Soulbound Studios Terms of Service incorporates by reference the Xsolla refund policy such that Soulbound was required to refund any amounts.  In Section 5 (titled "Kickstarter and Fundraising"), the contract states: "Any portion of funds raised for the provision of the Services shall be non-refundable, unless such funds shall be deemed refundable under terms of service of the third-party service through which those funds for the provision of Services were procured."  This language does not explicitly reference Xsolla or any Xsolla policy, nor does it explicitly state that Soulbound will provide any refunds.  We thus find no "clear" or "unequivocal" incorporation of Xsolla's refund policy by reference.

Moreover, other than the single sentence to which Falls points, the contract repeatedly disclaims any refund obligations.  Therefore, absent allegations sufficient to establish that Section 5 unequivocally incorporates Xsolla's refund policy against Soulbound by reference, Falls's breach of contract claim against Soulbound based on an alleged breach of Xsolla's refund policy necessarily fails.

2.    Falls waived any challenge to the district court's dismissal of his WCPA claim.  Although Falls suggested otherwise during oral argument, the district court explicitly relied upon judicial estoppel as one of two bases for its dismissal of this claim and cited the transcript of the hearing before the magistrate judge.  Therefore, Falls was required to challenge the judicial estoppel ruling in his

3

opening brief and he failed to do so.  In his reply brief, he contests the issue only in

a cursory manner, without any citation to legal authority.  "[W]e do not consider

issues raised for the first time in reply briefs," and thus "deem this late-raised

argument forfeited."  *Vasquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013).

In light of Falls's waiver, we do not reach the merits of his WCPA claim.

**AFFIRMED.**